## E. L. TIPTON v. THE STATE.

No. 12024.    Delivered February 13, 1929.

The opinion states the case.

*Alfred P. C. Petsch* of Fredericksburg, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, burglary; penalty, two years in the penitentiary.

Prosecuting witness, Moellering, operated a filling station on the highway between Mason and Fredericksburg. On the night of the first day of March, 1928, this station was burglarized and a box of cookies and some automobile accessories were found missing therefrom. Prosecuting witness was awakened late at night and an automobile discovered near his filling station. An investigation revealed the commission of the burglary. He reported the matter to the Sheriff, who a short time thereafter found appellant, his older brother and another in a Ford car a short distance from the filling station. In the car was a box of cookies, identified by Moellering as his own. The next morning most of the other property missing from the burglarized premises was found hidden nearby. Appellant's brother was tried, convicted and on appeal his case affirmed.

The testimony for the appellant shows that the car was owned and driven by his older brother, a man about twenty-six or twenty-seven years old, he himself being about twenty-one years old; that appellant and his companion were riding with appellant's brother on a journey to San Antonio. Appellant claims that he was asleep when the filling station was passed and if any burglary was committed, he knew nothing of it, and that the first he knew of the presence of the goods in the car was just before the arrest by the Sheriff when his brother stopped the car to mend a tire. It was shown that there were also four sheep in this car when the officers arrested its three occupants.

Appellant offered to prove that upon being awakened at the point of arrest and very shortly prior thereto, he saw for the first time the alleged stolen cookies in the car and that his older brother at the time told him he had found the cookies on the side of the road. Upon objection by the District Attorney the witness was not permitted to give this testimony. The State relied on the circumstance of possession of recently stolen property as its main incriminating fact connecting appellant with the offense charged. Proof was made of appellant's immediate presence with such property. As part of the res gestae of this incriminating fact appellant offered to testify to the statement of the owner and driver of the car made just prior to the arrest of the parties and immediately upon appellant's discovery of the presence of the property in the car. Obviously if appellant was not knowingly in possession of stolen property and such fact were admitted, a conviction could not be sustained which had

this fact for its basis. We think an accused has a right in all cases to show that the possession of stolen property by him was without any knowledge on his part that same was stolen. The above testimony was, we think, admissible on this theory, and in rebuttal of the State's theory that appellant knowingly possessed property recently stolen from burglarized premises, from which fact it is claimed the inference of appellant's guilt is justified. Rush v. State, 95 Tex. Crim. Rep. 564; Hinds v. State, 11 Tex. Crim. App. 238; Branch's P. C., Sec. 94; Shelton v. State, 11 Tex. Crim. App. 36; Underhill's Crim. Evd. (3rd Ed.), Sec. 470. The Court permitted appellant to testify that the driver of the car told him where he got this property, and that he afterwards hid part of it, thus leaving the inference that what he told was that it was stolen. The incriminating facts relating to the alleged possession were gotten before the jury, but this particular exculpatory portion was excluded. It should all have been admitted as explanatory of what the State claimed was proof of his guilty connection with the crime charged.

It is shown by another bill of exception that during the District Attorney's closing argument in the presence of the jury he accused appellant of being in possession of four stolen sheep, to which statement the appellant excepted at the time and requested a written instruction to disregard same, which was by the Court refused. If there is any evidence in this record which tends to show that the sheep in the car were stolen sheep, we have failed to find same. The testimony seems to go no further than to merely show the presence of four sheep in a car that was shown to belong to appellant's brother and in which appellant was riding. The argument was, we think, entirely out of the record and that it was of a highly prejudicial character is not open to argument.

Because of the two errors above discussed the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.